ORIGINAL

1 | KENNETH G. PARKER (SBN 182911)
   kparker@tlpfirm.com
2 | ROBIN H. ROUNAGHI (SBN 171251)
   rrounaghi@tlpfirm.com
3 | TEUTON, LOEWY & PARKER LLP
   3121 Michelson Drive, Suite 250
4 | Irvine, California 92612
   Telephone:  (949) 442-7100
5 | Facsimile:   (949) 442-7105

6 | THOMAS F.A. HETHERINGTON*
   tom.hetherington@emhllp.com
7 | JARRETT E. GANER*
   jarrett.ganer@emhllp.com
8 | EDISON, MCDOWELL &
   HETHERINGTON LLP
9 | 3200 Southwest Freeway, Suite 2920
   Houston, Texas 77027
10 | Telephone:  (713) 337-5580
   Facsimile:   (713) 337-8850
11 | * *pro hac vice* motion to be filed

12 | Attorneys for
   PHL VARIABLE INSURANCE CO.

13 |

FILED

10 MAR 11  PM 12: 39

CLERK. U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY: ~TB          DEPUTY

14 | UNITED STATES DISTRICT COURT

15 | SOUTHERN DISTRICT OF CALIFORNIA

16 | PHL VARIABLE INSURANCE CO., | Case No. 10 CV U521    BTM NLS

17 | Plaintiff, | **PLAINTIFF PHL VARIABLE INSURANCE COMPANY'S ORIGINAL COMPLAINT**

18 | v.

19 | THE ABRAMS FAMILY
20 | IRREVOCABLE LIFE INSURANCE
   TRUST, by and through its trustee, H.
21 | Bruce Abbott,

22 | Defendant.

23 |
24 |
25 |
26 |
27 |
28 |

**COMPLAINT**

PHL Variable Insurance Company, by and through its attorneys, files this Original Complaint against The Abrams Family Irrevocable Life Insurance Trust, by and through its trustee, H. Bruce Abbott, as follows:

## I.

## PARTIES

1.  Plaintiff PHL Variable Insurance Company ("Phoenix") is a Connecticut insurance company authorized to transact the business of insurance in California.  Phoenix is organized under the laws of Connecticut and its principal place of business is located in Hartford, Connecticut

2.  Upon information and belief, The Abrams Family Irrevocable Life Insurance Trust (the "Trust" or "Defendant"), is a trust organized under the laws of California.  The Trust may be served through its trustee, H. Bruce Abbott ("Trustee"), at his principal place of business, 1905 Diamond St., Suite B, San Marcos, California 92078.  Upon information and belief, Trustee Abbott is the only trustee and is a citizen of California.

## II.

## JURISDICTION AND VENUE

3.  This Court has jurisdiction over all parties of this lawsuit under 28 U.S.C. § 1332(a)(1) because Phoenix and Defendant are citizens of different states, and the amount in controversy exceeds $75,000, exclusive of attorneys' fees, interests and costs.

4.  Phoenix is a corporation organized under the laws of the state of Connecticut and has its principal place of business in Connecticut.  As such, for diversity purposes, Phoenix is a citizen of the state of Connecticut.

5.  Upon information and belief, the Trust is organized under the laws of California and the sole Trustee is a resident of the state of California.  As such, for diversity purposes, the Trust is a citizen of the state of California.

1

6.    As Phoenix and the Trust are citizens of different states, a diversity of citizenship exists.

7.    As set forth more fully below, this case involves an adjudication of the rights and obligations under an insurance policy with a face value far in excess of $75,000. Additionally, this case involves an adjudication of the disbursement of premiums paid on this policy, also far in excess of $75,000.

8.    The Trust is subject to the personal jurisdiction of this Court, as the Trustee is a resident of California and the Trust was established under California law.

9.    This Court has jurisdiction over this declaratory judgment action pursuant to Fed. R. Civ. P. 57 and 28 U.S.C. §§ 2201 and 2202, which grant the United States District Courts jurisdiction to declare the "rights and other legal relations of any interested party making such declaration, whether or not further relief is or could be sought."

10.    Venue is proper for this action pursuant to 28 U.S.C. § 1391, since the Trust is a citizen of California, its Trustee is located in San Diego County, and the insurance policy at issue is governed by California law. In addition, all or a portion of the events giving rise to the cause asserted herein occurred in the state of California.

## III.

## FACTUAL BACKGROUND

11.    Phoenix is, and during all relevant times has been, in the business of underwriting and issuing policies of life insurance and is authorized to transact the business of insurance in the state of California.

12.    On or about November 24, 2007, the Trust, by and through its Trustee, applied in writing (the "Application") to Phoenix seeking the issuance of an insurance policy insuring the life of Howard Abrams ("Abrams").

2

**COMPLAINT**

13.    In completing this Application, Abrams and the Trust provided Phoenix with material information regarding, among other things, Abrams's net worth and annual income.  In completing the Application, Abrams and the Trust knew that each was required to provide complete, accurate and honest answers to the questions presented on the Application.  Abrams and the Trust also knew that Phoenix would rely upon the answers recorded on the Application in determining whether Abrams was insurable and qualified for the insurance sought through the Application.

14.    Abrams and the Trust, through its Trustee, responded to clear, direct questions seeking material information regarding Abrams's net worth and annual income.  In response to these questions, the Application represented that Abrams had a net worth of $23,652,000 and annual earned income of $150,000.  As discussed more fully in the ensuing paragraphs, these representations were false and were each material to Phoenix's acceptance of the risk assumed.

15.    Additionally, during the application process, Abrams and the Trust represented that the life insurance was being sought for "estate planning."  This statement was false and was material to Phoenix's acceptance of the risk assumed.

16.    The Application contained the following affirmation:

> I have reviewed this application, and the statements made
> herein are those of the proposed insured and all such
> statements made by the proposed insured in Part I or and
> in Part II of this application are full, complete, and true to
> the best knowledge and belief of the undersigned and
> have been correctly recorded.

Abrams executed the Application on November 20, 2007 and the Trust, through its trustee at the time, executed the Application on November 24, 2007.

3

**COMPLAINT**

17.　On the basis of the statements and representations on the Application and in reliance upon Abrams's and the Trust's complete candor, honesty and openness in disclosing information in the response to the questions presented on the Application, Phoenix issued life insurance policy number 97526412 (the "Policy") to the Trust, with an effective date of March 15, 2008.  The Policy's death benefit is $10,000,000.

18.　Upon information and belief, contrary to the representations contained on the Application, Abrams did not have a net worth of $23,652,000 or annual earned income of $150,000 on the date of the Application.  In an effort to verify that the financial representations contained in the Application were true and correct, Phoenix's own independent investigation did not reveal any basis on which a person could reasonably conclude that Abrams had a net worth of $23,652,000 or annual earned income of $150,000 on the date of the Application.  Phoenix asserts that the statements made during the application process with respect to Abram's net worth, annual income, source of funding and purpose for the life insurance were each materially incorrect and/or fraudulent.

19.　Had Abrams and the Trust provided accurate responses on the Application regarding these items, Phoenix would not have issued the Policy or would have done so on materially different terms.  As a result of the Policy's issuance, Phoenix has suffered damages, including but not limited to commissions Phoenix paid to its sales representatives that it would not have paid, but for the sale.

20.　Phoenix brings this action seeking rescission of the Policy and an order declaring the Policy void *ab initio*.

4

**COMPLAINT**

## IV.

## COUNT I: DECLARATORY JUDGMENT

21.　Phoenix incorporates herein by reference each of its allegations contained in Paragraphs 1–20 above.

22.　Pursuant to the Federal Declaratory Judgment Statute, 28 U.S.C. § 2201, Phoenix seeks a declaratory judgment that the Policy is null, void and rescinded *ab initio* due to the fraudulent and/or material misrepresentations and omissions that Abrams and the Trust made on the Application.

23.　Phoenix has been damaged as a result of the foregoing material misrepresentations, in that it has incurred expenses and costs in connection with, among other things, its underwriting and issuance of the Policy, payments of commissions and fees in connection with the issuance of the Policy, administration and servicing of the Policy, investigation of the misrepresentations and concealments detailed above, and commencement of this action to enforce its rights.

24.　Phoenix also seeks a declaratory judgment that, pursuant to Section 483(c) of the California Insurance Code, the Trust is not entitled to a return of the Policy premiums due to actual fraud.　Alternatively, in light of the foregoing damages, expenses, and costs incurred by Phoenix, Phoenix should be permitted to retain the premiums paid for the Policy as an offset against such damages and costs and/or disgorgement of Defendant's ill-gotten gains.　Without such retention, offset, and/or disgorgement, restitution of the parties to their pre-contract position would be impossible. Phoenix therefore seeks a declaration judgment that Phoenix be allowed to offset from the Policy premiums an amount equal to the commissions paid to its agents or sale representative arising out of or relating to the sale of the Policy, other costs associated with the Policy, as well as its attorneys' fees and expenses.

5

**COMPLAINT**

25.     Notwithstanding the foregoing, Phoenix hereby fully and unconditionally tenders the Policy's premiums to the Court's registry.

26.     Phoenix also seeks its fees pursuant to the Federal Declaratory Judgment Statute.

## V.

## RELIEF REQUESTED

WHEREFORE, due to the above-reference fraudulent and/or material misrepresentations, PHL Variable Insurance Company demands judgment against The Abrams Family Irrevocable Life Insurance Trust as follows:

(a)     an order declaring and adjudging the Policy of life insurance bearing Policy Number 97526412 to be null and void and rescinded, *ab initio*;

(b)     an order directing that Phoenix deposit with the Clerk of the Court all premiums paid on the Policy along with required interest, if any;

(c)     an order that that the Clerk of the Court pay to Phoenix from any premiums deposited with the Court an amount equal to the premiums paid on the policy or, alternatively, the total of: 1) the commissions paid by Phoenix to the agents or sale representative arising out of or relating to the sale of the Policy; and 2) any damages incurred by Phoenix as a result of the Policy's issuance and subsequent investigation, including attorneys' fees and expenses;

(d)     an order awarding cost of suit and reasonable attorneys' fees pursuant to the Federal Declaratory Judgment Statute; and

///
///
///
///
///

**COMPLAINT**

1    (e)    an order awarding such other relief as the Court deems equitable and

2           just to Phoenix.

3    Dated: March 11, 2010                              TEUTON, LOEWY & PARKER LLP
                                                        KENNETH G. PARKER
4                                                       ROBIN ROUNAGHI

5
                                              By:
6                                                       _____
                                                        Kenneth G. Parker
7                                                       Attorneys for Plaintiff
                                                        PHL VARIABLE INSURANCE CO.

8

9    OF COUNSEL:

10   EDISON, MCDOWELL & HETHERINGTON LLP
     Thomas F.A. Hetherington, Texas Bar No. 24007359
11   Jarrett E. Ganer, Texas Bar No. 24055520

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
                                              7

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
PHL VARIABLE INSURANCE CO.

**(b)** County of Residence of First Listed Plaintiff    **Connecticut**
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Kenneth G. Parker, Esq., Teuton, Loewy & Parker LLP
3121 Michelson Dr. #250, Irvine, CA 92612; 949/442-7100

## DEFENDANTS
THE ABRAMS FAMILY IRREVOCABLE LIFE INSURANCE TRUST, by and through its trustee, H. Bruce Abbott

County of Residence of First Listed Defendant    San Diego
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

Attorneys (If Known)

FILED
'10 MAR 11 PM 2:00

'10 CV 0521    BTM NLS

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1  U.S. Government Plaintiff
- ☐ 2  U.S. Government Defendant
- ☐ 3  Federal Question (U.S. Government Not a Party)
- ☒ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☒ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☒ 110 Insurance | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 690 Other | **LABOR** | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | | ☐ 710 Fair Labor Standards Act | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | | ☐ 720 Labor/Mgmt. Relations | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | **PERSONAL PROPERTY** | | ☐ 740 Railway Labor Act | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | ☐ 370 Other Fraud | | **SOCIAL SECURITY** | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 371 Truth in Lending | | ☐ 861 HIA (1395ff) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 380 Other Personal Property Damage | | ☐ 862 Black Lung (923) | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 385 Property Damage Product Liability | | ☐ 863 DIWC/DIWW (405(g)) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | **CIVIL RIGHTS** | | ☐ 864 SSID Title XVI | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 441 Voting | **PRISONER PETITIONS** | ☐ 865 RSI (405(g)) | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | **FEDERAL TAX SUITS** | ☐ 950 Constitutionality of State Statutes |
| | ☐ 443 Housing/Accommodations | **Habeas Corpus:** | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | |
| | ☐ 444 Welfare | ☐ 530 General | ☐ 871 IRS—Third Party 26 USC 7609 | |
| | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | | |
| | ☐ 446 Amer. w/Disabilities - Other | ☐ 540 Mandamus & Other | **IMMIGRATION** | |
| | ☐ 440 Other Civil Rights | ☐ 550 Civil Rights | ☐ 462 Naturalization Application | |
| | | ☐ 555 Prison Condition | ☐ 463 Habeas Corpus - Alien Detainee | |
| | | | ☐ 465 Other Immigration Actions | |

## V. ORIGIN (Place an "X" in One Box Only)
- ☒ 1  Original Proceeding
- ☐ 2  Removed from State Court
- ☐ 3  Remanded from Appellate Court
- ☐ 4  Reinstated or Reopened
- ☐ 5  Transferred from another district (specify)
- ☐ 6  Multidistrict Litigation
- ☐ 7  Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. § 1332
Brief description of cause:
Declaratory Judgment - Rescission due to material misrepresentations

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND:  ☐ Yes  ☒ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):    JUDGE  BARRY TED MOSKOWITZ
09-cv-2606-BTM-POR; 10-cv-0240-BTM-POR
DOCKET NUMBER  09-cv-02344-BTM-POR

DATE
03/11/2010

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**
RECEIPT # 11045    AMOUNT $350    APPLYING IFP    JUDGE    MAG. JUDGE

TB 03·11·10

DUPLICATE

Court Name: USDC California Southern
Division: 3
Receipt Number: CAS011045
Cashier ID: mbain
Transaction Date: 03/11/2010
Payer Name: NORCO DELIVERY SERVICES
-----------------------------------
CIVIL FILING FEE
  For: PHL VARIABLE INSURANCE V ABRAM
  Case/Party: D-CAS-3-10-CV-000521-001
  Amount:         $350.00
-----------------------------------
CHECK
  Check/Money Order Num: 26403
  Amt Tendered:  $350.00
-----------------------------------
  Total Due:      $350.00
  Total Tendered: $350.00
  Change Amt:     $0.00


There will be a fee of $45.00
charged for any returned check.